GREGORY P. GOEHRING   SBN 173496
ATTORNEY AT LAW
431 S. Ham Lane, Ste. A-2
Lodi, CA  95242
Telephone:  (209) 334-3651

Attorney for Plaintiff,
Monroe T. Dyson



FILED
OCT 29
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE T. DYSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA YOUTH AUTHORITY, and DOES 1 through 100,<br><br>    Defendants. | Case No.: CIV S-01-0604 EJG PAN<br><br>**STIPULATION AND ORDER TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION, ET AL.** |

### STIPULATION

Plaintiff MONROE T. DYSON by and through his attorney of record Gregory P. Goehring and defendant CALIFORNIA YOUTH AUTHORITY by and through its attorneys of record Leslie A. Burgermyer, Deputy Attorney General, Attorney General of the State of California, hereby agree and stipulate, that to resolve Defendant's Motion for Order For Plaintiff Monroe T. Dyson's Mental Examination, that plaintiff shall file a Second Amended Complaint, deleting from plaintiff's First Amended Complaint, on file herein, plaintiff's claim for damages for "humiliation, mental anguish, embarrassment, anxiety, and emotional and physical distress," contained in paragraphs 25, 29, and 36

1  thereof and in paragraph 1 of the prayer for relief thereof.
2  The proposed Second Amended Complaint is attached hereto as
3  Exhibit A and incorporated herein.  Plaintiff now makes no such
4  claims and does not intend to do so.
5     The parties further stipulate and agree that defendant
6  shall take off calendar its motion for mental examination
7  without prejudice in the event the Court does not permit
8  plaintiff to file the afore-mentioned Second Amended Complaint.
9     Dated: October 10, 2001
10                                   GREGORY P. GOEHRING
11                                   Attorney for Plaintiff,
                                     Monroe T. Dyson
12
13    Dated: October 11, 2001        BILL LOCKYER, Attorney
                                     General of the State of
14                                   California
                                     JACOB A. APPELSMITH, Lead
15                                   Supervising Deputy Attorney
                                     General
16                                   BARBARA J. SEIDMAN,
17                                   Supervising Deputy Attorney
                                     General
18
19
20                                   LESLIE A. BURGERMYER,
                                     Deputy Attorney General
21                                   Attorneys for Defendant
                                     California Youth Authority
22

23                                 **ORDER**
24     Based on the foregoing stipulation of the parties,
25     IT IS ORDERED that the Second Amended Complaint, attached
26  hereto as Exhibit A, shall be filed with the Court forthwith.
27     Dated: OCT 25 2001
28                                   _____
                                     UNITED STATES DISTRICT JUDGE

2

STIPULATION AND ORDER TO FILE SECOND AMENDED COMPLAINT

EXHIBIT A

```
GREGORY P. GOEHRING   SBN 173496
ATTORNEY AT LAW
431 S. Ham Lane, Ste. A-2
Lodi, CA  95242
Telephone:  (209) 334-3651

Attorney for Plaintiff,
Monroe T. Dyson
```

FILED

OCT 29 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE T. DYSON,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, CALIFORNIA YOUTH AUTHORITY, and DOES 1 through 100,<br><br>    Defendants. | Case No.: CIV S-01-0604 EJG PAN<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION (Fair Employment and Housing Act); VIOLATION OF CIVIL RIGHTS (Title VII, Civil Rights Act of 1964); TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY** |

Plaintiff MONROE T. DYSON alleges:

1. Plaintiff MONROE T. DYSON is a resident of the City of Stockton, San Joaquin County, California.  All substantive acts or events alleged herein occurred in San Joaquin County within the jurisdiction of this Court.

2. Defendant STATE OF CALIFORNIA is a State of the United States of America, and at all times relevant herein, defendant CALIFORNIA YOUTH AUTHORITY ("CYA") was and is an agency, division and/or department of defendant STATE OF CALIFORNIA.



1

3. Plaintiff is informed and believes and thereon alleges that each of the defendants DOES 1 through 100, inclusive, were at all relevant times herein agents and/or employees of defendant CYA. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will request leave of the Court to amend this complaint to allege the true names and capacities of these defendants when ascertained.

4. At all relevant times herein, the defendants and each of them acted under color of state law.

5. At all relevant times herein, the defendants and each of them acted pursuant to unconstitutional governmental policy, action or usage. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified, and/or authorized the acts alleged herein as to each of the remaining defendants.

6. From March 1978 until he was wrongfully terminated on June 3, 1999, plaintiff MONROE T. DYSON was employed by defendant CYA. At all times material hereto, plaintiff worked at O.H. Close as a Youth Correctional Counselor. As such, plaintiff was responsible for the safety, security, accountability and control of an assigned group of youthful offenders ("wards") in their daily living and activity programs. Plaintiff's responsibilities included, inter alia: developing and implementing constructive after-school activity programs; providing individual and small group counseling; and maintaining living unit custody and discipline which included issuing verbal

commands and, when necessary, the physical, mechanical or chemical restraint of wards.

7. Plaintiff has, at all times material hereto, held strong sincere religious convictions founded upon the Holy Bible which compel him to preach the gospel of Jesus Christ (particularly when asked about the reason for his faith), study the Holy Bible, and pray. For the last ten years of his tenure at CYA, upon request by and with the consent of the wards, plaintiff shared his faith, read the Holy Bible and engaged in voluntary prayer with Christian wards. During this period plaintiff's supervisors were aware of and tacitly approved of his actions in this regard. They were also aware that wards requested these activities and that ward participation in these activities was entirely voluntary.

8. On February 5, 1999, Yvette Marc-Aurele, Superintendent of OH Close, placed an entry in the ward logbook prohibiting group prayer by the wards but allowing them to read their Bibles, pray silently and talk individually about spiritual life with staff members, which included plaintiff. Four days later, on February 9, 1999, Superintendent Marc-Aurele commenced an investigation against plaintiff concerning two incidents that occurred in December of the previous year involving plaintiff's use of mechanical and chemical restraints on two disruptive wards. At the time these ward restraint incidents occurred, no action was taken against plaintiff for his handling of these incidents. Plaintiff is informed and believes and therefore alleges that Superintendent Marc-Aurele commenced this investigation solely to harass plaintiff for exercising his

Second Amended Complaint for Damages for Employment Discrimination, et al.

religious rights and allowing Christian wards to exercise theirs.

9. At a grievance proceeding held on February 11, 1999, plaintiff represented a Christian ward ("Ward H.") who had been forbidden by defendants' employees from carrying his Bible to class. Plaintiff was requested by Ward H. to represent him at this proceeding. Plaintiff contended that Ward H. had a constitutionally protected right to carry his Bible to class. Nevertheless, it was determined that the Ward H. could not carry his Bible to class. On February 19, 1999, Ward H.'s appeal of this decision was denied. Plaintiff is informed and believes that the adverse personnel actions later taken against plaintiff were, in part, to retaliate for plaintiff's assistance to Ward H. at his grievance proceeding.

10. On or about February 24, 1999, defendants posted a document entitled "O.H. CLOSE PRAYER POLICY." This "prayer policy", as applied, placed unreasonable time, place and manner restrictions upon the religious freedoms of plaintiff and the Christian wards. Defendants' employees also applied the policy discriminatorily by requiring plaintiff to facilitate the religious activities of non-Christian wards, even though those activities violated the "prayer policy". Plaintiff is informed and believes and thereon alleges that this "prayer policy" was issued to stop plaintiff from allowing Christian wards to exercise their religious rights.

11. The "prayer policy" prohibited group prayer but allowed wards to pray silently and individually by their bedsides. Although plaintiff complied with the terms of the

4

prayer policy as to the Christian wards he was reprimanded and a second investigation was commenced against him on March 17, 1999. A third investigation was initiated against plaintiff on March 18, 1999 for praying three to five minutes during his personal break.

12. On March 23, 1999, prior to the completion of any of the three investigations, Superintendent Marc-Aurele changed plaintiff's work assignment. He was forbidden to enter the ward dormitory and required to perform humiliating and menial tasks demeaning to his status as a Youth Correctional Counselor and peace officer such as opening doors and sorting mail. Plaintiff's job assignment position placed him in full view of anyone entering and leaving the building, including the wards previously under his charge who respected and admired him. Accordingly, several times during the day, the wards previously assigned to plaintiff would observe him performing these demeaning duties.

13. On May 25, 1999 plaintiff received a Notice of Adverse Action informing him that he would be terminated on June 3, 1999, after twenty-two years of service. Defendants' stated reason for terminating plaintiff was a sham. Defendants' actions were carried out in concert with the intent to harass and discriminate against plaintiff for exercising his sincerely held Christian religious beliefs. No adverse actions were taken against other employees who interacted with the wards as practitioners of other religions.

14. On May 26, 1999 plaintiff was placed on administrative leave and told to remain at his home on house arrest, another

5

Second Amended Complaint for Damages for Employment Discrimination, et al.

degrading and humiliating action, particularly as plaintiff was a peace officer. On June 3, 1999, plaintiff was terminated from his employment after twenty-two years of service.

15. Plaintiff was scheduled to take the Youth Authority Sergeant's promotional examination on August 5, 1999. On August 4, 1999, plaintiff received a telephone call from an employee of the State Personnel Board informing him that he would not be admitted to the examination because he was no longer a State employee. Plaintiff explained that his dismissal was under appeal and that he was entitled to take the examination. The employee stated that she would speak with her supervisor and call plaintiff back. When plaintiff did not receive the return call, he did not report for the examination. On August 30, 1999 Plaintiff appealed the determination that he could not take the examination. This appeal was denied on March 3, 2000.

16. During his twenty-two years of employment with CYA, plaintiff consistently received merit increases and superior performance evaluations. Plaintiff reasonably relied upon defendants' personnel policies and procedures regarding the causes for which employees could be discharged and the procedures for progressive discipline set forth therein. Plaintiff reasonably expected that defendants would these policies even-handedly to afford plaintiff the protections of those procedures. Defendants' termination of plaintiff was in violation of the CYA personnel policies and procedures for progressive discipline.

17. On September 23, 1999 plaintiff submitted a claim for damages to the California Board of Control pursuant to the

Second Amended Complaint for Damages for Employment Discrimination, et al.

California Tort Claims Act. On or about November 9, 1999, plaintiff was notified that the Board of Control had rejected his claim.

18. On or about September 22, 1999 plaintiff filed a complaint with the Department of Fair Housing and Employment (DFEH). On or about September 24, 1999, plaintiff received a Notice of Case Closure and Right to Sue Notice. A copy of the Notice is attached hereto as Exhibit A and incorporated herein. This Notice also advised plaintiff to file a complaint with the Equal Employment Opportunity Commission (EEOC) if he wished to pursue his remedies under federal law.

19. On or about October 25, 1999, plaintiff filed a complaint with the EEOC. On or about December 28, 1999, the EEOC issued a Charge of Discrimination against defendant CYA. On January 4, 2000, pursuant to a work-sharing agreement with the EEOC, the DFEH issued a second Right to Sue Notice to plaintiff. A copy of this Notice is attached hereto as Exhibit B and incorporated herein.

20. Then on or about May 15, 2000, the U.S. Department of Justice issued plaintiff a Notice of Right to Sue, granting him the right to bring an action against defendant CYA under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. A copy of the Notice is attached hereto as Exhibit C and incorporated herein.

/ / /
/ / /
/ / /
/ / /

7

Second Amended Complaint for Damages for Employment Discrimination, et al.

# FIRST CAUSE OF ACTION

## (Violation of Fair Employment and Housing Act)

21. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 20 as though fully stated herein.

22. Defendants are employers within the definition of Government Code Sections 12926(d) and/or 12940(h)(3) of the California Fair Employment and Housing Act (hereinafter, "the FEHA").

23. Defendants' discriminatory actions alleged above constitute unlawful discrimination and harassment of plaintiff on account of his sincerely held religious beliefs and practices in violation of Sections 12940(a) and (h) of the FEHA and retaliation in violation of Section 12940(f) of the FEHA. Defendants also violated Section 12940(j) of the FEHA by failing to reasonably accommodate plaintiff's religious beliefs and practices. The above-alleged actions of defendants were done with malice and in conscious and reckless disregard of plaintiff's rights under the FEHA.

24. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has suffered the loss of his job, salary, pension and other benefits, and additional amounts of money plaintiff would have received if he had not been terminated and prevented from taking the sergeant's examination.

/ / /
/ / /
/ / /

8

Second Amended Complaint for Damages for Employment Discrimination, et al.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights Act of 1964, as amended)

25. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 20 as though fully stated herein.

26. The events, occurrences, acts and practices complained of herein were undertaken by defendants intentionally and with the express purpose of penalizing plaintiff for his sincerely held religious beliefs and practices. The events, occurrences, acts and practices were of a continuing nature until plaintiff's termination and created a religiously harassing and hostile work environment in violation of 42 U.S.C. Section 2000e. Defendants' actions also constitute unlawful retaliation against plaintiff in violation of 42 U.S.C. Section 2000e-2(a). Defendants' actions were done with malice and in conscious and reckless disregard of plaintiff's rights.

27. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has suffered the loss of his job, salary, pension and other benefits, and additional amounts of money plaintiff would have received if he had not been terminated and prevented from taking the sergeant's examination.

## THIRD CAUSE OF ACTION

### (Tortious Discharge In Violation of Public Policy)

28. Plaintiff realleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 20 as though fully stated herein.

29. The events, occurrences, acts and practices complained of herein were undertaken by defendants intentionally with the express purpose of penalizing plaintiff for his religious beliefs and practices. The events, occurrences, acts and practices were of a continuing nature until plaintiff's termination and created a hostile working environment.

30. The defendants, acting under color of California law, subjected plaintiff to malicious and intentional discrimination and harassment because of his religion in violation of Article 1, Sections 2(a) and 4 of the California Constitution, and Civil Code section 51.

31. The foregoing pattern of harassment also violated plaintiff's right to equal protection under of Section 7 of the California Constitution as defendants terminated plaintiff and engaged in other acts of discrimination and harassment against him which they did not against other employees similarly situated.

32. In violation of public policy as set forth above, defendant CYA terminated plaintiff's employment on June 3, 1999.

33. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has suffered the loss of his job, salary, pension and other benefits, and additional amounts of money plaintiff would have received if he had not been terminated and prevented from taking the sergeant's examination.

WHEREFORE, plaintiff prays judgment against defendants as follows:

Second Amended Complaint for Damages for Employment Discrimination, et al.

1. For compensatory damages according to proof, including, but not limited to, lost earnings, future lost earnings, pensions and other employee benefits, and costs of seeking other employment;

2. For reinstatement with full benefits and privileges and restoration of status as though no termination had occurred, including the right to take the sergeant's examination as soon as possible with the effective date of promotion made retroactive to the date of the August 5, 1999 examination;

3. For interest on lost earnings and benefits at the prevailing legal rate from June 3, 1999;

4. For reasonable attorneys' fees and costs incurred pursuant to statute;

5. For punitive damages in an amount appropriate to punish defendant;

6. For costs of suit herein incurred; and

7. For such other and further relief as the court deems proper.

Dated: October 10, 2001

_____
GREGORY P. GOEHRING
Attorney for Plaintiff,
Monroe T. Dyson

11

Second Amended Complaint for Damages for Employment Discrimination, et al.

```
                 United States District Court
                            for the
                 Eastern District of California
                        October 29, 2001
```

                    * * CERTIFICATE OF SERVICE * *

                                           2:01-cv-00604

Dyson

    v.

State of CA

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  October 29, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Gregory Patrick Goehring              TM/PAN
        Gregory P Goehring
        431 South Ham Lane
        Suite A-2
        Lodi, CA   95242

        Leslie A Burgermyer
        Attorney General's Office of the State of California
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA   94244-2550


                                        Jack L. Wagner, Clerk

                                        BY: _____
                                            Deputy Clerk

```
              United States District Court
                       for the
              Eastern District of California
                    November 1, 2001


              * * CERTIFICATE OF RE-SERVICE * *


                                    2:01-cv-00604


    Dyson

        v.

    State of CA
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on November 1, 2001, I RE-SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Gregory Patrick Goehring              TM/PAN
        Gregory P Goehring
        431 South Ham Lane
        Suite A-2
        Lodi, CA  95242

        Leslie A Burgermyer
        Attorney General's Office of the State of California
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA  94244-2550


                                    Jack L. Wagner, Clerk

                                    BY: _____
                                          Deputy Clerk
```